FILED

R____o'clock &___min___M

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

APR 2 4 2006

United States Bankruptcy Court
Columbia, South Carolina (7)

| | |
|---|---|
| IN RE: | C/A No. 06-00197 -JW |
| Luke Albert Brown, | Chapter 7 |
| Debtor. | ORDER |

ENTERED
APR 2 5 2006
S. R. P.

This matter comes before the Court upon an Amended Motion for Authority to Redeem Personal Property and Approval of Associated Financing and Attorney's Fees under 11 U.S.C. § 722[1] ("Motion to Redeem") that was filed by Luke Albert Brown ("Debtor") on March 7, 2006.    In response to Debtor's Motion to Redeem, DaimlerChrysler Services North America, LLC ("Creditor") filed an objection.  In light of the legal arguments and evidence presented by Debtor and Creditor, the Court makes the following Findings of Fact and Conclusions of Law.[2]

### FINDINGS OF FACT

1.      On February 6, 2003, Debtor purchased a 2002 Dodge Intrepid[3]   ("Intrepid") pursuant to the terms of a retail installment sales contract. In order to secure Debtor's performance under the sales contract, Creditor encumbered the Intrepid with a lien.

2.      Prior to filing this current Chapter 7 case, Debtor filed two Chapter 13 cases (Case No. 04-13357 and Case No. 05-07654).  Both of the prior cases were pending but dismissed for non-payment during the year preceding the filing of this Chapter 7 case. Debtor's last Chapter 13 case (Case No. 05-07654) was dismissed with prejudice in order to bar Debtor from any further Chapter 13 filings for 180 days.

---

[1]      All references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) shall be to the version of the Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  Furthermore, internal references to the Bankruptcy Code shall be done by section number only.

[2]      To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

[3]      The Vehicle Identification Number for the 2002 Dodge Intrepid is 2B3HD56M02H226148.

3.    On January 19, 2006, Debtor filed the current Chapter 7 bankruptcy case (Case No. 06-00197) pending before the Court.

4.    On March 7, 2006, Debtor filed his Motion to Redeem in order to retain the Intrepid by redeeming it pursuant to § 722.  In the Motion to Redeem, Debtor notes that the Intrepid is "tangible personal property intended primarily for personal, family or household use."  Furthermore, Debtor contends that the Intrepid is worth $6,000.00; and thus, Debtor concludes that he should only pay Creditor $6,000.00 in order to retain the Intrepid through redemption.

5.    During the hearing on the Motion to Redeem, Debtor and Creditor stipulated to the entry of certain documents into evidence.

6.    Debtor submitted documents from the National Auto Dealers Association ("NADA"), the Kelly Bluebook, and a Vehicle Valuation Report.  The NADA document provides a $4,225.00 trade-in value and a $6,175.00 retail value for a 2002 Dodge Intrepid SE.  However, Debtor's Kelly Bluebook appraisal guide and Vehicle Valuation Report provide a $3,250.00 to $4675.00 range of trade-in values for a 2002 Dodge Intrepid ES.

7.    It appears that a Dodge Intrepid SE and a Dodge Intrepid ES are two different models.  The Court notes that Debtor's NADA appraisal provides values for a 2002 Dodge Intrepid SE, but that Debtor cited to appraisals of a 2002 Dodge Intrepid ES when using the Kelly Bluebook and Vehicle Valuation Report.  Debtor also attached the Kelly Bluebook appraisal report which refers to a 2002 Dodge Intrepid ES to their Schedule B. Creditor's appraisal information also provides values for a 2002 Dodge Intrepid ES. Accordingly, given the fact that Debtor and Creditor have cited to appraisal reports for a

2

2002 Dodge Intrepid ES, the Court concludes that Debtor's use of the NADA valuation
for a 2002 Dodge Intrepid SE was an error. Therefore, the NADA valuation should not
be given any evidentiary weight in this case.

8.     Creditor submitted a Preliminary Valuation Report authored by an appraiser that
Creditor hired, and what appears to be a property damage report that indicates the
Intrepid needs $656.00 in repairs. The documents submitted by Creditor indicate that the
Intrepid's retail value is $8,575.00 and that its trade-in value is $6,425.00. In light of its
appraisal, Creditor asserts that Debtor must pay $8,575.00 to redeem the Intrepid.

9.     The parties do not dispute Debtor's eligibility to redeem the Intrepid pursuant to §
722. However, the parties disagree over the means by which Creditor's allowed secured
claim will be calculated or determined pursuant to § 506(a). Debtor asserts that the
$6,000.00 trade-in or wholesale value of the Intrepid is the applicable standard for
determining the redemption amount because Creditor is only entitled to collect what it
would receive if the Intrepid was sold at a hypothetical auction.

10.    Creditor asserts that the language of § 506(a)(2) requires the use of the $8,575.00
retail value to determine the extent of Creditor's secured interests in the Intrepid for
purposes of valuing Creditor's secured claim and establishing Debtor's redemption
payment.

## CONCLUSIONS OF LAW

Section 722 of the Bankruptcy Code provides:

An individual debtor may, whether or not the debtor has waived the right
to redeem under this section, redeem tangible personal property intended
primarily for personal, family, or household use, from a lien securing a
dischargeable consumer debt, if such property is exempted under section
522 of this title or has been abandoned under section 554 of this title, by

paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien in full at the time of redemption.

Pursuant to § 722, in order to redeem encumbered collateral, a debtor must pay a secured creditor the allowed amount of that secured creditor's claim at the time of redemption. Section 506 of the Bankruptcy Code determines the allowed amount of secured claims. Therefore, the proper amount to be paid to a secured creditor for purposes of redemption is determined by the application of § 506.

### I.  Pre-Reform Act Law

In context of applying replacement value for determining cram down of secured interests under Chapter 13 of the Bankruptcy Code *prior to* the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the United State Supreme Court noted:

> Our recognition that the replacement-value standard, not the foreclosure-value standard, governs in cram down cases leaves to the bankruptcy courts, as triers of fact, the best way of ascertaining replacement value on the basis of the evidence presented.  Whether replacement value is the equivalent of retail value, wholesale value, or some other value will depend on the type of debtor and the nature of the property.

Assocs. Commercial Corp. v. Rash, 520 U.S. 953, 965 n.6 (1997).  Approximately one year later, this Court addressed the proper determination of replacement value for purposes of a redemption under § 722, and concluded that "imposition of a replacement value more closely related to a retail value is inappropriate in redemption cases."  In re Hancock, C/A No. 98-02561-W, 1998 WL 2016850, at *2 (Bankr. D.S.C. June 19, 1998).

### II.  Post-Reform Act Law

However, on October 17, 2005, the BAPCPA became effective, and it significantly amended section 506(a) to provide as follows:

If the debtor is an individual in a case under chapter 7 or 13, such value
with respect to personal property securing an allowed claim shall be
determined based on the replacement value of such property as of the date
of the filing of the petition without deduction for costs of sale or
marketing. With respect to property acquired for personal, family, or
household purposes, replacement value shall mean the price a retail
merchant would charge for property of that kind considering the age and
condition of the property at the time value is determined.

11 U.S.C. § 506(a)(2). Generally, § 506(a)(2) provides that valuation of an individual

Chapter 7 or Chapter 13 debtor's personal property requires the use of the personal

property's replacement value at the petition date. Furthermore, deductions for any costs

that are associated with the sale or marketing of the property may not be subtracted from

the established replacement value.

With respect to "property, acquired for personal, family, or household purposes,"

the second sentence of § 506(a)(2) narrowly defines replacement value, as "the price a

retail merchant would charge for property considering the age and condition of the

property at the time value is determined."   Because § 722 only permits a debtor to

redeem "tangible personal property intended primarily for personal, family, or household

use," the replacement value for property subject to redemption appears limited to "the

price a retail merchant would charge for property of that kind given the age and condition

of the property." 11 U.S.C. § 506(a)(2). Given the language used in the second sentence

of § 506(a)(2), it appears that a retail value or retail price is the appropriate standard by

which to determine replacement value.

However, although the first sentence of § 506(a)(2) provides that replacement

value "without deduction for costs of sale or marketing" must be utilized, the second

sentence of § 506(a)(2) requires consideration of the "age and condition of the property at

the time value is determined."   Therefore, adjustments to the replacement value for

5

property to be redeemed appear appropriate in light the unique condition of the redeemed property.

In this case, Debtor did not present any detailed evidence which indicated that the condition of the Intrepid required a substantial deviation from the retail value cited by Creditor. The only evidence concerning the condition of the Intrepid is a report indicating that the Intrepid needs $656.00 in repairs. Accordingly, it appears that the $8,575.00 retail price cited by Creditor must be decreased by $656.00 for repairs and thus, $7,919.00 is the proper valuation figure to be utilized for purposes of establishing the amount that Debtor must pay Creditor in order to redeem the Intrepid.

Therefore, in light of the evidence presented and the foregoing analysis, the Court concludes that the proper replacement value for the Intrepid for purposes of redemption is $7,919.00.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
April 24, 2006